IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| MERRILL TODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:12cv589-MHT |
| | ) | (WO) |
| CITY OF LAFAYETTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>OPINION AND ORDER</u>

Relying on 42 U.S.C. § 1983, plaintiff Merrill Todd brings this lawsuit naming as defendants the City of LaFayette and police officers Jerome Bailey, Larry Clark, Terry Woods, and Steve Smith, in their individual capacities. The first count in his lawsuit contends that Bailey, Clark, Woods, and Smith violated his constitutional rights by using excessive force against him; the second count asserts that the City of LaFayette violated his constitutional rights by negligently hiring, retaining, and failing to supervise the four police officers; and the final count is a state-law battery claim against the four police officers. Jurisdiction for

the federal claims is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and the state-law claim is properly before the court under supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

This case is currently before the court on Smith's motion for summary judgment based on the statute of limitations.[1]  The court is unable to resolve this issue on the record before it and will therefore require Todd to provide additional evidence, as discussed in this opinion.

Smith argues that the statute of limitations for § 1983 claims bars Todd from raising this claim.  While Todd's original complaint, filed July 6, 2012, was filed within the statute of limitations for § 1983 claims, he did not name Smith in that complaint; rather, he named Smith in the amended complaint filed on August 30, 2012, by which time, the two-year statute of limitations for

_____

[1].  Smith also seeks summary judgment on grounds of qualified immunity and insufficient evidence; these contentions will be addressed in a later opinion.

his § 1983 claim had expired.  See Owens v. Okure, 488
U.S. 235 (1989) (holding that § 1983 claims look to the
general state-law limitations statute for personal injury
actions); 1975 Ala. Code § 6-2-38(l) (providing for a
two-year statute of limitations for personal-injury
actions).  Todd argues, however, that the amended
complaint relates back to the date he filed the original
complaint.  He has two arguments: (1) he was mistaken as
to Smith's name and corrected the pleading upon learning
his name; and (2) state-law fictitious-party practice
allows relation-back.

The first argument does not apply to Todd's
situation.  Subpart (c)(1)(C) of Federal Rule of Civil
Procedure 15 allows relation-back of amendments naming a
new defendant, but only where there has been "a mistake
concerning the proper party's identity."  Fed. R. Civ. P.
15(c)(1)(C)(ii).  Todd explains that, because he was
unconscious during the assault, he did not know the names
of all the officers involved and did not learn them until

discovery began. Ignorance of Smith's name, however, does not qualify as a "mistake." Wayne v. Jarvis, 197 F.3d 1098, 1103 (11th Cir. 1999) ("While we have stated that we read the word 'mistake' in Rule 15(c) liberally, we do not read the word 'mistake' to mean 'lack of knowledge.'") (internal quotations and citation omitted)) overruled on other grounds, Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003). Because the reason Todd did not plead Smith's real name in his original complaint was ignorance, not error, the relation-back provision of subpart (c)(1)(C) of Rule 15 is inapplicable.

Todd's second reason for asserting that the relation-back principle saves his claim has more merit. He points out that his initial complaint named ten fictitious defendants, described as "the other officers who were at the scene of the event described below and who either personally participated or failed to intervene during the commission of said event." Compl. (Doc. No. 1) at 2. He

4

asks that the court construe his addition of Smith as a substitution for one of the previously named fictitious defendants.

The legal basis for Todd's claim is subpart (c)(1)(A) of Federal Rule of Civil Procedure 15.  This subpart provides that an amendment relates back to the original pleading when "the law that provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P. 15(c)(1)(A).  In <u>Saxton v. ACF Industries</u>, 254 F.3d 959 (2001) (en banc), the Eleventh Circuit Court of Appeals stated that this provision requires application of state-law relation-back principles, including Alabama fictitious-party practice, when state law supplies the statute of limitations.  <u>Id</u>. at 960.  Though <u>Saxton</u> was a diversity suit, this court has previously determined that <u>Saxton</u>'s logic and the purpose of subpart (c)(1)(A) support applying <u>Saxton</u>'s holding to federal-question lawsuits where state law provides the statute of limitations.  <u>Mann v. Darden</u>, 630 F. Supp. 2d 1305, 1311

5

(2009) (Thompson, J.); <u>see also</u> Notes of Advisory Committee on 1991 Amendments ("Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.").

Smith argues that, even if fictitious-party practice is allowed in some federal-question cases, the requirements for fictitious-party pleading set out in <u>Dean v. Barber</u>, 951 F.2d 1210 (11th Cir. 1992), govern. In <u>Dean</u>, the Eleventh Circuit held the district court erred by denying the plaintiff's motion to join a "John Doe" defendant before allowing the plaintiff an opportunity to learn the John Doe defendant's name through discovery. <u>Id</u>. at 1215. In so ruling, it noted the difference between "suing fictitious parties" and "real parties sued under a fictitious name" and found that, where the plaintiff had named "Chief Deputy of the Jefferson County Jail John Doe" as a defendant, the name

6

was specific enough to comport with Federal Rule of Civil Procedure 10's requirement that the pleading name the party.  <u>Id</u>. at 1215 n.6.  Thus, the defendant could have been served with the complaint, despite the use of the "John Doe" title.  <u>Id</u>.

The complaint in <u>Dean</u> was filed in 1989, two years before the addition of Federal Rule of Civil Procedure 15's provision on the relation-back of amendments.  <u>Id</u>. at 1212; Fed. R. Civ. P. 15, Notes of Advisory Committee on 1991 Amendments.  For this reason, <u>Dean</u> did not so much as mention subpart (c)(1)(A) of Rule 15 and instead considered the sufficiency of the complaint under Rule 10.  951 F.2d at 1215 n.6.  When Rule 15 was amended to include subpart (c)(1)(A)'s relation-back provision, the advisory committee specifically noted the provision was "new."  Fed. R. Civ. P. 15, Notes of Advisory Committee on 1991 Amendments.  Though this court's opinion in <u>Mann</u> cited <u>Dean</u>, it did so to show one way plaintiffs could

proceed without knowing the true name of a defendant--not the only way.   <u>Mann</u>, 630 F. Supp. 2d. at 1312.

Having determined that Todd was within his rights to attempt to relate back the naming of Smith in his amended complaint to the time he filed his original complaint, the court must now look to whether he has satisfied the state-law prerequisites for doing so.   As stated in <u>Saxton</u>, under Alabama law a plaintiff can avoid the bar of the statute of limitations if: "(1) the original complaint adequately described the fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity."   254 F.3d at 965 (citing <u>Jones v. Resorcon</u>, 604 So. 2d 370, 372-73 (Ala. 1992)).   Smith contends that Todd has not satisfied the first, third, and fourth requirements.

As to the first requirement, the description of "other officers who were at the scene of the event described below and who either personally participated or failed to intervene during the commission of said event" adequately describes Smith.   Compl. (Doc. No. 1) at 2. The complaint explains that the officers are accused of beating Todd "with their fists, boots, and other objects." Id. at 3.  Smith objects that Todd should have described him, more pointedly, as "the police officer who struck the Plaintiff with an automobile." Def. Br. (Doc. No. 49) at 9.  Alabama law, however, does not require this level of precision. See, e.g., Ex Parte Griffin, 4 So. 3d. 430, 433 (Ala. 2008) (approving relation-back of fictitiously named defendant where he was described as "that person or persons who were the supervisor(s) of [the plaintiff] on the occasion complained of in [the plaintiff's] complaint").

As to the third and fourth requirements, Smith contends that there is no evidence Todd was ignorant of

9

his name, nor any evidence that he acted diligently to discover it.  The court agrees that there is insufficient evidence in the record for it to determine when Todd learned Smith's identity and how diligently he pursued this knowledge.  Having reviewed the record, the court notes that, during a conference call on August 13, 2012, Todd mentioned the name Steve Smith and alerted the court that he would be amending his complaint to include him.[2] Thus, at the latest, Todd knew Smith's identity as of August 13, 2012.  In response to Smith's motion to dismiss, the only basis Todd provides the court for

_____

2.    Statements made during this conference call also explain why Smith's contention that the court's August 14, 2012, order precluded the amendment naming Smith is incorrect.    See Order (Doc. No. 20).    During that conference call, Todd specified, in response to a motion for a more definite statement, that the excessive-force and state-law battery claims related solely to the individual defendants and that the negligent hiring, etc. claims related solely to LaFayette.    The order memorialized Todd's intention to exclude the city from the excessive-force and battery claims; it did not preclude him from amending the complaint to include additional individuals as defendants for those claims. See id. ("Based upon the representations made on the record on August 13, 2012....").

finding he diligently pursued Smith's identity is that the "amended complaint was filed <u>before</u> the City of LaFayette named him as the person driving the vehicle that struck Todd in its initial disclosures (amended complaint was filed on 8/30/2012 and disclosures were served on Plaintiff on 9/14/2012)." Pl. Br. (Doc. No. 48) at 2 (emphasis in original). While this parenthetical explanation tells the court that Todd did not wait until receiving discovery from the defendants before amending his complaint, it does nothing to answer the relevant questions: what did Todd do to learn Smith's identity and when he did he discover it?

These are simple questions that Todd is uniquely positioned to answer. The court will provide him an opportunity to do so. <u>See</u> Fed. R. Civ. P. 56(e)(1) ("If a party fails to properly support an assertion of fact... the court may... give an opportunity to properly support or address the fact."). Todd must come forward with evidence--not just argument--showing his ignorance of

11

Smith's identity and diligence in pursuing it or be barred by the statute of limitations from pursuing his § 1983 claim against Smith.

Smith does not argue that the statute of limitations forecloses the state-law claim against him, and the court clarifies that Todd's state-law claim is not implicated in the foregoing discussion. See 1975 Ala. Code § 6-2-34(1) (establishing a six-year statute of limitations for any trespass to person or liberty, including assault and battery).

***

Accordingly, it is ORDERED that, by March 28, 2013, plaintiff Merrill Todd shall provide evidence on the following two questions:

(1) When did plaintiff Todd first learn defendant Steve Smith's identity?

(2) What efforts did plaintiff Todd and his attorney take to discover defendant Smith's identity?

DONE, this the 14th day of March, 2013.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE