IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| MERRILL TODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:12cv589-MHT |
| | ) | (WO) |
| CITY OF LAFAYETTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>OPINION AND ORDER</u>

Relying on 42 U.S.C. § 1983, plaintiff Merrill Todd brings this lawsuit naming as defendants the City of LaFayette and police officers Jerome Bailey, Larry Clark, Terry Woods, and Steve Smith, in their individual capacities.  The first count in his lawsuit contends that Bailey, Clark, Woods, and Smith violated his constitutional rights by using excessive force against him; the second count asserts that the City of LaFayette violated his constitutional rights by negligently hiring, retaining, and failing to supervise the four police officers; and the final count is a state-law battery claim against the four police officers.  Jurisdiction for

the federal claims is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and the state-law claim is properly before the court under supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

This case is currently before the court on Clark's motion to dismiss Todd's claims on the ground that Clark was not timely served.*   For reasons that will be discussed, the motion will be denied and the time for service extended.


I.  <u>Procedural History</u>

Todd named defendant Larry Clark in his original complaint filed July 6, 2012.   He attempted service on Clark at his last known place of employment, the Chambers County Jail, on July 7, 2012.   An employee of the Chambers County Jail accepted service on Clark's behalf, but on August 8, 2012, the Chambers County Sheriff notified Todd that Clark did not work at the jail anymore

---

*   Clark's motion also seeks summary judgment on all claims; this will be addressed in a later opinion.

2

and that the jail was not, therefore, authorized to accept service for him.  At a conference call with the court on August 13, 2012, Todd acknowledged that service had not been made on Clark and expressed his intent to work diligently to serve him with the complaint.

Clark was served on December 14, 2012; 161 days after Todd filed the complaint against him.  Personal service was made on Clark in Wedowee, Alabama at the Randolph County Jail.  Clark has now entered an appearance in this case and is represented by the same counsel who represent co-defendants Jerome Bailey, Steve Smith, and the city of LaFayette.

## II.  Standard for Extension of Time

A plaintiff must serve process on a defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m).  If the plaintiff fails to do so, "the court--on motion or on its own after notice to the defendant--must dismiss the action without prejudice against the

3

defendant or order that service be made within a specified time." Id. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. However, "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). Indeed, "when a district court finds that a plaintiff fails to show good cause[,] ... the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

Thus, "Rule 4(m) has mandatory and discretionary components." Boyd v. Koch Foods of Alabama, LLC, 2011 WL 6141064, *2 (M.D. Ala. 2011) (Thompson, J.). "If good

4

cause is present, the district court <u>must</u> extend time for service.  If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." <u>Thompson v. Brown</u>, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original).

Though the Federal Rules of Civil Procedure do not define "good cause," the Eleventh Circuit Court of Appeals has explained that mere "inadvertence or negligence" does not amount to good cause. <u>Lepone-Dempsey</u>, 476 F.3d at 1281 (quoting <u>Prisco v. Frank</u>, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam), <u>superseded in part by rule as stated in</u> <u>Horenkamp v. Van Winkle and Co., Inc.</u>, 402 F.3d 1129, 1332 n.2 (11th Cir. 2005)). Rather, good cause "exists 'only when some outside factor[,] such as reliance on faulty advice,'" is to blame. <u>Id</u>. (alteration in original) (quoting <u>Prisco</u>, 929 F.2d at 604.). Therefore, a plaintiff demonstrating good cause for his or her delay must show he or she "(1) has

proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." <u>Durgin v. Mon</u>, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009) (Marra, J.).

Absent good cause, relevant circumstances that will inform the court's exercise of its discretion include whether the applicable statute of limitations would bar the plaintiff from refiling the suit, whether the defendant evaded service or concealed a defect in attempted service, and whether the plaintiff is proceeding pro se. <u>Lepone-Dempsey</u>, 476 F.3d at 1282; <u>Boyd</u>, 2011 WL 6141064 at *2; Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.

### III.  <u>Discussion</u>

Todd asks the court to extend the time for service and deny Clark's motion to dismiss. Alternatively, he argues that the 120 days should not start until the date

6

he filed the amended complaint (August 30, 2012), making his service of Clark timely.

As a preliminary matter, Todd's assertion that the 120 days did not begin until he filed the amended complaint lacks merit. Todd named Clark in the original complaint; his doing so started the 120-day clock. <u>See Lindley v. City of Birmingham, Ala.</u>, 452 Fed. Appx. 878, 880 (11th Cir. 2011) ("[W]hen an amended complaint names a new defendant, a plaintiff has 120 days from the date on which the amended complaint is filed to serve <u>that</u> defendant with process." (emphasis added)). To hold otherwise would motivate plaintiffs to file endless amendments for the purpose of giving themselves more time to make service.

Todd must, therefore, demonstrate that an extension of the time for service is warranted. In support of an extension, he explains that after learning Clark no longer worked for the Chambers County Sheriff, Todd hired three different private investigators to locate and serve

7

Clark.   The first private investigator failed to find Clark.   The next two tracked him through four different counties before finally finding and serving him in Randolph County.

Todd also asked the city of LaFayette, his co-defendant and employer at the time of the incident, to give him Clark's address.   The city did not do so until after the 120-day window lapsed.   Moreover, Clark was not found at that address.

Upon consideration of these circumstances, the court finds Todd has been diligent in attempting to make service.   His lack of success does not appear rooted in mistake or negligence, but in an outside factor.   Todd attempted to serve Clark the day after he filed this complaint.   He cannot be faulted for the fact that Clark moved and changed jobs, apparently multiple times, over the past two years.   This is particularly true because Clark's former employee did not even have his current address.   More importantly, once Todd realized that Clark

8

could not be served at the Chambers County Jail, he hired three different private investigators to locate Clark. The court thus concludes that Todd had good cause for failing to serve Clark in the time allotted, and the court must extend the time for service for an "appropriate period." Fed. R. Civ. P. 4(m). In this case, "an appropriate period" requires a 41-day extension to accommodate the delay.

Even were the court to conclude that good cause within the meaning of Rule 4(m) is lacking, the court would still use its discretion to extend the time for service. The circumstances here are similar to the circumstances in Horenkamp, which the Eleventh Circuit found warranted discretionary extension. 402 F.3d 1129, 1130. The plaintiff in that case mailed the defendant a request for waiver of service which the defendant did not return; the plaintiff waited four months before sending the defendant a second request for waiver of service. By that time, the 120 days had already expired, but the

plaintiff mistakenly believed she still had another month. The court of appeals affirmed the district court's discretionary extension of the time for service, noting that the statute of limitations would now bar the plaintiff from pursuing her suit, that the defendant had notice of the suit, and had now been properly served. Id. at 1133.

As in Horenkamp, the statute of limitations now bars Todd from refiling his § 1983 claim against Clark. See Owens v. Okure, 488 U.S. 235 (1989) (holding that § 1983 claims look to the general state-law limitations statute for personal injury actions); 1975 Ala. Code § 6-2-38(l) (providing for a two-year statute of limitations for personal-injury actions). Therefore, although Federal Rule of Civil Procedure 4(m) contemplates dismissal without prejudice for failure to timely serve a complaint, the dismissal of this claim would effectively be a dismissal with prejudice. Although it is unclear whether Clark had notice of the lawsuit, he is

represented by the same attorneys who represent his co-
defendants; his attorneys, at least, have thus been
involved in the litigation from its inception.  And
unlike the plaintiff in Horenkamp, Todd hired private
investigators to find Clark and personally serve him,
rather than relying on the defendant to waive service.
Finally, Clark has now been served and has joined the
litigation.

Nor is the length of the delay in this case so
egregious as to militate against an extension to
accommodate it.  Clark was served 41 days after he should
have been; a week and a half longer than the delay the
Eleventh Circuit approved in Horenkamp.  Id. at 1130.
Though Clark complains he was prejudiced by the delay
because he could not participate in discovery, he would
have had to move to extend the time for discovery even if
he was served at the tail end of the 120-day window.  The
prejudice he complains of occurred because his co-
defendants went forward with the case without him; a

11

common occurrence in multi-party litigation.  There are procedural mechanisms to rectify this disadvantage. Clark could, for instance, move to enlarge the scheduling order and conduct further discovery.

***

Accordingly, it is ORDERED that defendant Larry Clark's motion to dismiss (Doc. No. 65) is denied.

DONE, this the 23rd day of September, 2013.

         /s/ Myron H. Thompson
       UNITED STATES DISTRICT JUDGE