IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
MERRILL TODD,                  )
                               )
     Plaintiff,                )
                               )   CIVIL ACTION NO.
v.                             )     3:12cv589-MHT
                               )         (WO)
CITY OF LAFAYETTE, et al.,     )
                               )
     Defendants.               )
```

OPINION AND ORDER

Relying on 42 U.S.C. § 1983, plaintiff Merrill Todd brings this lawsuit naming as defendants the City of LaFayette and police officers Jerome Bailey, Larry Clark, Terry Woods, and Steve Smith, in their individual capacities.  The first count in his lawsuit contends that Bailey, Clark, Woods, and Smith violated his constitutional rights by using excessive force against him; the second count asserts that the City of LaFayette violated his constitutional rights by negligently hiring, retaining, and failing to supervise the four police officers; and the final count is a state-law battery

claim against the four police officers. Jurisdiction for the federal claims is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and the state-law claim is properly before the court under supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

This case is currently before the court on Smith's motion for summary judgment on Todd's § 1983 claim, based on Smith's assertion of a statute-of-limitations defense.[*] For the reasons that follow, Smith's motion for summary judgment on the § 1983 claim is granted.

## I.  BACKGROUND

Todd's original complaint, filed July 6, 2012, was filed within the statute of limitations for § 1983 claims. However, he did not name Smith in that complaint; he named Smith in an amended complaint filed

---

   \*   Smith also seeks summary judgment on the grounds of qualified immunity and insufficient evidence; because the statute-of-limitations issue is conclusive as to the § 1983 claims, the court does not reach Smith's other arguments.

2

on August 30, 2012. By that time the two-year statute of limitations for his § 1983 claim had expired. See Owens v. Okure, 488 U.S. 235 (1989) (holding that § 1983 claims look to the general state-law limitations statute for personal-injury actions); 1975 Ala. Code § 6-2-38(l) (providing a two-year statute of limitations for personal-injury actions). Todd argues that the amended complaint relates back to the date he filed the original complaint and is therefore timely. As this court explained in its previous opinion and order, Todd v. City of LaFayette, 2013 WL 1084296 (M.D. Ala. 2013), Alabama's state-law fictitious-party practice allows relation-back, but Todd must first prove that this amendment satisfies Alabama-relation-back prerequisites.

Subsection (c)(1)(A) of Federal Rule of Civil Procedure 15 provides that an amendment relates back to the original pleading when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A).  In Saxton v. ACF

Industries, 254 F.3d 959 (11th Cir. 2001) (en banc), the Eleventh Circuit Court of Appeals stated that this provision requires application of state-law relation-back principles, including Alabama fictitious-party practice, when state law supplies the statute of limitations. Id. at 960.  Though Saxton was a diversity suit, this court has previously determined that Saxton's logic and the purpose of subsection (c)(1)(A) support applying Saxton's holding to federal-question lawsuits where state law provides the statute of limitations. Mann v. Darden, 630 F. Supp. 2d 1305, 1311 (2009) (Thompson, J.); see also Notes of Advisory Committee on 1991 Amendments ("Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.").

As stated in Saxton, under Alabama law a plaintiff can avoid the bar of the statute of limitations if: "(1) the original complaint adequately described the

fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity." 254 F.3d at 965 (citing Jones v. Resorcon, 604 So. 2d 370, 372-73 (Ala. 1992)).  In its previous opinion and order, Todd v. City of LaFayette, 2013 WL 1084296 (M.D. Ala. 2013), this court explained that there was insufficient evidence in the record for it to find that Todd had established the third and fourth of these requirements.  The court thus ordered Todd to produce evidence answering two questions, designed to settle the relation-back issue: (1) When did plaintiff Todd first learn defendant Steve Smith's identity?  (2) What efforts did plaintiff Todd and his attorney take to discover defendant Smith's identity?

In response to the court's opinion and order, Todd explained that although LaFayette Police Chief Vines told him that Smith hit him with a truck, he was given this

information while in the hospital recovering from the attack.  He explains that he could not remember what Chief Vines told him because he was still "out of it." Todd Aff. (Doc. No. 97, Ex. 1) at ¶ 4.

According to Todd, the next he heard about Smith hitting him with a truck was at a press conference held in relation to this lawsuit on July 25, 2012.  Todd states that his family and witnesses attended the press conference at the courthouse to answer media questions. A family member, either his cousin or his aunt, told Todd: "[Y]ou remember getting hit with the truck. Someone said they hit you with a truck." Id.  Todd then asked who hit him, and the same family member reminded Todd that Chief Vines told him it was Smith.  Todd says he then asked his lawyer to add Smith to the lawsuit, because he wanted everyone who hurt him to be held responsible; and his lawyer said he would and that there was still time to add Smith.  Although Todd does not state when he told counsel to add Smith to the lawsuit,

it is clear from the filing that counsel was present at this same press conference. See Pl. Resp. (Doc. No. 97) at ¶ 2 ("Todd advised... counsel that it was at the press conference that we held shortly after the defendants were served with the original complaint that his witnesses spoke to him again about the incident and that he had not 'been around them in a while to talk with them.' After responding to questions from the media, Todd and his witnesses gathered around counsel and were telling counsel about their individual recollections of the accident.") (emphasis added).

## II.  DISCUSSION

Todd's evidence in response to the court's questions shows that he knew Smith's identity by July 25, 2012, at the latest. The statute of limitations was not set to expire until August 7, 2012. Therefore Todd had 13 days--nearly two weeks--to amend his complaint and name Smith before the statute of limitations would run. The

court does not need to reach the question of whether Todd made diligent efforts to discover Smith's identity and the need to include him in this suit, because it is clear from Todd's statements that he knew both Smith's identity and Smith's connection to the lawsuit well before the statute of limitations expired on his federal claim. Todd waited a month after learning this information to amend the complaint and name Smith.  Alabama law does not allow the relation back of needlessly untimely amendments.

Most troubling is the fact that Todd's counsel was present at this same press conference and assured Todd that he would file the amendment in a timely manner.  As is evident from the foregoing, he did not do so.  The result is that Todd's § 1983 claim must be dismissed, and Smith's motion for summary judgment on this claim granted.

As explained in the court's previous opinion and order <u>Todd v. City of LaFayette</u>, 2013 WL 1084296 (M.D.

Ala. 2013), Todd's state-law-battery claim is not affected by this decision.  Smith's motion for summary judgment on the state-law claim is still pending and will be addressed in a separate opinion.

***

Accordingly, it is ORDERED that defendant Steve Smith's motion for summary judgment (doc. no. 51) is granted as to the 42 U.S.C. § 1983 claim against him.

DONE, this the 23rd day of September, 2013.

                                 <u>/s/ Myron H. Thompson</u>
                                 UNITED STATES DISTRICT JUDGE