IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| MERRILL TODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:12cv589-MHT |
| | ) | (WO) |
| CITY OF LAFAYETTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

Plaintiff Merrill Todd names the following as defendants in this lawsuit: Officers Jerome Bailey, Larry Clark, Terry Woods, and Steve Smith and the City of LaFayette, Alabama. The first count in his lawsuit claims that Bailey, Clark, and Woods violated his constitutional right by using excessive force against him. The second count claims that the City of LaFayette violated his constitutional right by negligently hiring, retaining, and failing to supervise the individual defendants. For both counts, Todd relies on 42 U.S.C.

1

§ 1983.  The final count is a state-law battery claim against Bailey, Clark, Woods, and Smith.  Jurisdiction for the federal claims is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and the state-law claim is properly before the court under supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

This case is currently before the court on a motion for summary judgment filed by the City of LaFayette.  For reasons that will be discussed, the motion will be granted and summary judgment entered in favor of the city.

## I. SUMMARY-JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

2

Fed. R. Civ. P. 56(a). The court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Where the evidence is circumstantial, a court may grant summary judgment when it concludes that no reasonable jury may infer from the assumed facts the conclusion upon which the non-movant's claim rests." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

## II. FACTUAL BACKGROUND

On August 7, 2010, Todd and family members held a party at Club Blaze in LaFayette. The party was thrown in honor of Todd's deceased sister and also to celebrate a cousin's birthday.

Todd arrived at the club between four and five o'clock on August 7 to help set up for the party. The event had been advertised on a Facebook page.

Officers from the enforcement wing of the Alabama Alcoholic Beverage Control Board learned of the party and staged an undercover operation to determine if alcohol was being sold there without a liquor license. That night two undercover agents entered the club and were able to purchase alcohol. Based on this information, law enforcement then decided to sweep the party in a large-scale enforcement action. A joint county-city task force convened, with law enforcement officers from LaFayette and Chambers County.

According to Todd, he was in the club's parking lot when the officers arrived. As he had two days left on parole, he decided to leave the scene of the raid rather than risk being charged with violating the terms of his parole. He and one of his cousin went towards the back of club. As he went around the corner of the club, he saw the headlights of a truck approaching from the opposite side of the building. He started running in the

4

direction of the woods.  There was no one in the back of the club except him, his cousin, and police officers.

Todd does not, however, remember what occurred between the moment he saw the truck's headlights and woke up in the hospital.  He has, however, presented evidence that he contends directly and circumstantially support the conclusion that one of the defendants, Officer Smith, hit him with the truck and that the defendants beat him without provocation.  He suffered a number of physical injuries.

Since the incident Todd has had a marked drop in memory.  During his deposition he had difficulty remembering what month during the past year he was married in.  He stated that he can remember many things before the incident, but he has to try very hard to remember things that happened after it, and it hurts when he tries to do so.  Three months after the incident he underwent surgery to relieve pressure resulting from a "intracranial hemorrhage," Med. Records (Doc. No.53-33)

at 2, which he described as a brain bleed. He suffers from blurred vision and fears he may go blind in his left eye.

### III. DISCUSSION

As stated, the City of LaFayette contends that it is entitled to summary judgment in its favor.

A municipality may not be held liable under § 1983 solely because it employs a tortfeasor. *See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff seeking to hold a municipality liable under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Brown*, 520 U.S. at 403. In this context, "policy" denotes a decision of the municipality's legislative body or of an official whose actions "may fairly be said to be those of the municipality." *Id.* at 404; *Pembaur v. City of*

*Cincinnati*, 475 U.S. 469, 481 (1986). A "custom," on the other hand, may not have received formal approval, but is "so widespread as to have the force of law." *Brown*, 520 U.S. at 403.

Here, Todd seeks to hold the City of LaFayette liable based on a "de facto policy of receiving complaints concerning police misconduct involving the same officers and [doing] nothing to correct it." Pl. Br. (Doc. No. 60) at 8. He has not, however, introduced enough evidence to justify putting this claim before a jury. Kattie Story testified that on one occasion Officer Bailey pinned her son (the cousin who was with Todd at Club Blaze) to the ground and held a gun to his head. When she asked Bailey what he was doing to her son, he pointed the gun at her, too. Bailey then arrested Story's son and charged him with "menacing." Case Action Summary (Doc. No. 53-12) at 2. The case was dismissed for lack of probable cause, though the court noted: "Officer had proper action." *Id*. at 4. Story further testified that

she reported this incident to the LaFayette mayor but did not file a formal complaint. Story testified to another incident involving her and her son and Officer Clark. On that occasion Clark stopped her son on his way to church; when Story approached, he told her to "get [her] black ass back" or he would put her in jail. Kattie Story Dep. (Doc. No. 56-13) at 15:9-10; Bryant Story Dep. (Doc. No. 56-14) at 68:1-5. She again told the mayor of how she had been treated, and, according to Story, the mayor immediately called the officers, told them to let her son go, and they released him. Finally, she testified that on another occasion Officer Bailey falsely accused her son of making terrorist threats against him, prompting federal law enforcement officers to raid her home. After this incident she did not make any complaints to the city or to Bailey's supervisors.

This evidence, viewed in the light most favorable to Todd, is insufficient to establish a causal connection between the actions (or inaction) of city decisionmakers

and Todd's alleged assault. The evidence shows that Story alerted city officials to Bailey's mistreatment of her son and herself on one occasion, six years before the incident in question, and that a court found Bailey's actions were proper. Todd's own evidence shows that when Story reported Clark's mistreatment, city officials immediately intervened. As for the third incident Story described, she admits she did not make any complaints to alert the city to illegal actions by its officers. This is not a "history of widespread abuse" sufficient to put the decisionmaker on notice of the need to correct the use of excessive force by his officers. *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007). Nor is it evidence from which a reasonable jury could conclude that the city had adopted a de facto policy of doing nothing in response to police brutality. *Id*.

Todd also alleges that LaFayette is liable for retaining Bailey and Clark as police officers. The Supreme Court has not addressed the circumstances under

which a city's retention of an officer may constitute a single employment decision sufficient to open the city to liability. In the analogous hiring context, however, it has cautioned that, "Where a claim of municipal liability rests on a single decision, not itself representing a violation of federal law and not directing such a violation, the danger that a municipality will be held liable without fault is high." *Brown*, 520 U.S. at 397. The Court thus adopted a stringent standard of causation, which, applied to the instant case, means that to establish a causal link between Bailey's and Clark's retention and Todd's assault, Todd must show the city "should have concluded that [the officers'] use of excessive force would be a plainly obvious consequence of the [retention] decision." *Brown*, 520 U.S. at 412-13. Though Bailey did use force in arresting Story's son, the court that dismissed the charges against Story's son also concluded Bailey's use of force was proper. A reasonable employer need not conclude from this record that Bailey

would use an unconstitutional level of force in the future.  As for Clark, the degree of force Story and her son testified he used during their encounter--holding her son's arm and hurling insults at Story--is too different from the beating Todd experienced to have alerted the city that Todd's beating was an obvious consequence of retaining Clark.  *See id*. at 409-10 (requiring a "high degree of predictability" in order to support an inference of causation).  For these reasons, summary judgment for the City of LaFayette should be granted.

An appropriate summary judgment will be entered in favor of the City of Lafayette.

DONE, this the 12th day of December, 2017.

<u>/s/ Myron H. Thompson</u>
**UNITED STATES DISTRICT JUDGE**